Roy N. NAHAS, Plaintiff—Appellant,

v.

WEDBUSH MORGAN SECURITIES,
a California corporation,
Defendant—Appellee.

No. 02–17537.

D.C. No. CV–02–00545–ACK/BMK.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Aug. 18, 2003.

Before SCHROEDER, Chief Judge, HAWKINS and TASHIMA, Circuit Judges.

MEMORANDUM**

Roy N. Nahas appeals pro se the district court's judgment denying his motion to

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

vacate an arbitration award pursuant to 9 U.S.C. § 10. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review questions of law de novo, *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 947–49, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995), and we affirm.

The district court properly rejected Nahas' claim that the arbitrators manifestly disregarded the governing law of fiduciary duty; he failed to provide any persuasive evidence that the arbitrators refused to apply or ignored the applicable law. *See DiRussa v. Dean Witter Reynolds Inc.,* 121 F.3d 818, 821–22 (2d Cir.1997).

The district court properly concluded that Nahas' claim of "evident partiality" of the arbitrators lacked merit because the arbitrators timely made the requisite disclosures and Nahas' counsel did not object. *See Apusento Garden (Guam) Inc. v. Superior Court of Guam,* 94 F.3d 1346, 1352 (9th Cir.1996).

■ That the arbitrators accepted into evidence Nahas' medical records and defense counsel's summary of this evidence, and permitted questioning on cross-examination regarding Nahas' medication did not demonstrate "evident partiality" or affirmative misconduct. *See Sunshine Min. Co. v. United Steelworkers of Am.,* 823 F.2d 1289, 1295 (9th Cir.1987) (noting that arbitrators may admit and rely on evidence inadmissible under the Federal Rules of Evidence).

■ The district court properly rejected Nahas' claims that the arbitrators engaged in fraud, corruption, and misbehavior when they followed the applicable regulations by allowing a representative of the New York Stock Exchange to be present during the deliberations because Nahas did not object during the arbitration. *See Marino v. Writers Guild of Am., E., Inc.,* 992 F.2d 1480, 1484 (9th Cir.1993).

We deny Appellee's request to dismiss Nahas' appeal for failure to file a supplemental excerpt of record. *See* Ninth Cir. R. 30–1.5.

**AFFIRMED.**